(100 South. 48)

No. 24150.

## VAN NESS v. LOUISIANA FARM MACHINERY CO.

(March 24, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Principal and agent** ⬤⟾41—Mandate; allegations insufficient to warrant recovery of profits for tractors not delivered.

Where agent ordered from his principal eight tractors which were not shipped, agent did not state cause of action for loss of profits, where he failed to allege that he could have sold at an advanced price, or that they would have been worth the price for his own use.

2. **Principal and agent** ⬤⟾41—Mandate; petition for commissions and recovery of advances on tractors not shipped held good.

In a subagent's action against his principal for breach of contract whereby he was to sell tractors, petition for commissions and recovery of advances on tractors not shipped *held* to state cause of action.

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by M. B. Van Ness against the Louisiana Farm Machinery Company. Judgment for defendant, and plaintiff appeals. Judgment annulled, and case remanded.

Edward Barnett, of Shreveport, McCoy & Moss, of Lake Charles, and Barnette & Roberts, of Shreveport, for appellant.

Crain, Jackson & Johnston, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause of action.

The suit is founded mainly upon a contract by which the defendant, as sales agent for the Waterloo Boy tractors, appointed plaintiff the exclusive subagent for a limited territory. The term of the contract was one year, commencing on the 10th of July, 1917. It was afterwards extended to the 31st of July, 1919. The principal demands in this suit are: (1) For a commission on the price of eight tractors which plaintiff avers he ordered and which were not shipped, and (2) for the return of $800 which plaintiff avers he deposited with the orders for the tractors. The cause or right of action depends upon plaintiff's contention that, by the terms of the contract, the price of the tractors, on which his commission of 20 per cent. was based, was not subject to change after defendant's acceptance of an order, with the required deposit. The pertinent clauses of the contract are:

"The party of the first part" (meaning the defendant here) "agrees to allow and will allow unto party of the second part" (meaning the plaintiff) "as commission and compensation for his services as herein set forth twenty (20) per centum of the retail sale price of such tractors sold, as such retail price is fixed and listed at the factory, each party agreeing to abide by and be bound as regards commission by the retail list price as fixed at the factory, which price is subject to change from time to time, at the discretion of the manufacturers; the compensation or consideration of this contract on the part of the first party being taken out of the balance of said sale price of tractors on terms and as per contract existing between said party and the manufacturers, and not in any way dependent upon the 20 per cent. above mentioned; and

"The party of the first part further requires that all orders be sent to it by second party, and that, with each and every order so sent in, a deposit of one hundred (100) dollars accompany same, the first party agreeing to forward all such orders received to the manufacturers, to be filled and shipped out to destination designated in due course of business, shipments to be sent out with sight draft attached for the balance of the purchase price, less the aforesaid 20 per cent. commission, it being understood that the prices fixed are f. o. b. factory, Waterloo, Iowa, and that the $100 advance deposit required shall apply on the purchase price and is not to be returned to second party."

Plaintiff avers that the meaning of the paragraph last quoted was that the sending in of an order, with the required deposit, made a binding contract at the price then fixed and listed at the factory, and that defendant was then responsible for the payment of the commission, at 20 per cent. on the price so fixed and listed at the time of the receipt of each order with the accompanying $100 deposit. Whether the sales were to be made at the prices fixed and listed at the time of the receipt of plaintiff's orders and accompanying deposits, or were to be made at such prices as might be fixed and listed at the time of the shipments, is the important question propounded by the exception of no cause of action. Plaintiff alleges in his petition that, if the contract does not plainly express the meaning which he attributes to it, it is ambiguous in that respect, and that he will prove by verbal testimony that his interpretation of the instrument is correct. He avers that both parties have so interpreted the contract, and that the defendant is estopped to deny that such interpretation is in accord with the inten-

tion which the parties had when they signed it. And, in that connection, plaintiff annexes to his petition a letter written to him by defendant, dated the 20th of September, 1917, viz.:

"Dear Mr. Van Ness: We have advice from the factory that there will be an advance on the Waterloo Boy tractor, the present price of which is $885.00 f. o. b. cars at the factory, at Waterloo, Iowa, on Oct. 1st, of $100.00, making the retail price $985.00 at the factory.

"You have orders on hand at this time for two carloads. One of the cars has been shipped and should reach you within a day or so; the other car will move in the near future.

"We advise that you protect yourself as soon as possible with further orders against this advance, as you well know the Waterloo is the standard tractor in your section, and the only question on hand will be delivery.

"See your prospects as soon as possible, get them to protect themselves with the usual deposit of $100.00, then they are protected.

"Very truly yours," etc.

Plaintiff avers that, in response to this letter, he remitted to defendant, on the 25th of September, 1917, $400, as a deposit, with an order for four of the "Model R" tractors, at $708 f. o. b. factory; that is, 80 per cent. of $885. He avers that defendant cashed his check and retained the proceeds.

He avers that, on the 8th of April, 1918, he placed "another similar order" for four additional Waterloo Boy tractors, Model N, "to be shipped later, at a time to be specified by petitioner"; and that the order was accepted by defendant, by letter dated the 10th of April, 1918, saying:

"We beg to acknowledge receipt of your favor of the 8th, with check for four hundred dollars, as deposit on four Waterloo Boy tractors, Model N, to be shipped later, at your pleasure."

Plaintiff avers that the check for $400, accompanying the order last mentioned, bore the notation, "Dep. on 4 Model N Waterloo Boys at 720 factory."

He avers that defendant, afterwards, in several letters, the dates of which are stated, repudiated the contract and refused to carry it out. He avers that, on the 6th of October, 1918, while his orders for the eight tractors were "in good standing," he demanded in writing the shipment of four of the tractors, but that defendant failed and refused to comply with the contract. He avers that, on the 13th of October, 1918, he again demanded in writing the shipment of four of the tractors that he had ordered, and that defendant, without legal cause or excuse, ignored his demand.

He avers that, if the eight tractors had been shipped in response to his demands, the retail price would then have been $1,250 f. o. b. cars, Waterloo, Iowa; whereas, under his contract, he was entitled to them at $950 f. o. b. cars, Waterloo, Iowa. Hence he claims $2,400 as the profit which he avers he would have made—$300 on each tractor—if they had been shipped. He claims also $1,520 as the commission of 20 per cent. on the eight tractors at $950 each; and claims the $800 deposited in part payment of the price of the eight tractors.

There is also a claim for $478.92, the allegations regarding which are all in one paragraph of the petition, and are very vague. It is alleged merely that the defendant is indebted to plaintiff for an item of $54.90 and an item of $422.02, represented by two credit memoranda, which defendant received from the Waterloo Gasoline Engine Company, of Waterloo, Iowa, for claims really due to plaintiff by defendant.

The allegations relating to this demand, for $478.92, based upon the alleged credit memoranda, are not plain enough to state a cause of action.

[1] The allegations on which is founded the demand for $2,400, for the alleged loss of profit on eight tractors at $300 each, are lacking in this, that it is not alleged that plaintiff could have sold the tractors at the advanced price, or that they would have been worth the price for his own use. In fact,

we doubt that he would have bought the tractors at the advanced price stated. The supposition is, from the allegations of the petition as a whole, that plaintiff had taken orders for the sale of the eight tractors at the retail price listed when he sent in his orders with the required deposits. In that case, his profit would have been limited to the commission of 20 per cent. on the retail price so listed.

[2] Our opinion is that the allegations relating to the demand for the commission of 20 per cent., and for the return of the deposit of $800, do set forth a cause of action. We refer to these demands together because both depend upon the meaning of the contract, and because, if plaintiff was mistaken in his understanding of the contract, and of defendant's letter urging him to put up the deposit, and if, therefore, he is not entitled to the commission, he may well be entitled to a refund of the deposit.

The basis of the exception of no cause of action, with regard to the commission, is the defendant's contention that plaintiff had no right to demand shipment of the tractors at the price listed when he filed his orders and deposits, but was only entitled to have them shipped at the price prevailing at the time of shipment. The question is put clearly and succinctly in the brief of the attorneys for defendant, viz.:

"The question for determination, therefore, is: Could the plaintiff legally demand shipment at the old price quoted by the factory at the time the deposit was made, if there had been an advance in the price at the time shipment was demanded?"

The attorneys for defendant argue that the language of the contract leaves no doubt that the price at which the tractors were to be shipped was the price listed at the time of shipment—not the price listed at the time of the receipt of an order and deposit. And, for greater certainty, counsel cite the extension agreement, and say:

"Should there be any doubt in the mind of any one as to the meaning of the original contract in this respect, that doubt was certainly set at rest by the language used in the renewal executed fourteen days after the expiration of the original contract. In the renewal, it is provided 'that all prices snall prevail as quoted by the factory at the time orders and specifications are received at the factory.'"

The expression quoted from the extension agreement seems to be in accord with plaintiff's interpretation of the original contract. The expression "at the time orders and specifications are received at the factory" does not mean "at the time shipments are made." It is said in defendant's brief that plaintiff does not allege that he sent specifications, either with his orders or afterwards. Plaintiff does allege that he described the tractors by reference to the models which we assume had reference to the manufacturer's catalogue. We have no reason to presume that such reference was not a sufficient specification, until the defendant has answered the allegation and denied that it was sufficient.

Defendant's attorneys put great stress upon the statement in the contract, "which price is subject to change from time to time." That does not necessarily mean that the price was subject to change after the receipt and acceptance of an order and the required deposit. A reasonable interpretation of the expression is that the price was to be subject to change after the signing of the contract; in other words, that the commission to be paid to plaintiff was not fixed upon the price prevailing at the time the contract was entered into. It would have been unsafe—if not impracticable—for the plaintiff to take orders from his customers at prices listed in the manufacturer's catalogue, if the prices were subject to change after acceptance of the orders by the manufacturer.

Aside from the language of the original contract and of the extension agreement, it is incumbent upon the defendant, by way of answer to this suit, to explain the letter writ-

ten to plaintiff on the 20th of September, 1917, advising him to protect himself against an advance in price, by sending in orders as soon as possible, and urging him to see his prospective customers as soon as possible and "get them to protect themselves with the usual deposit"; and saying, "then they are protected."

We do not understand the plaintiff to claim that he had the right, after closing a bargain by sending in an order with the required deposit, to wait as long as he might see fit to wait for a shipment at the price prevailing when the order was given. His contention is that an advance in the price after he had sent in his order with the required deposit did not justify a refusal to ship at the price listed when the order was given, or justify a withholding of his commission, or of his deposit.

With regard to the four tractors alleged to have been ordered on the 25th of September, 1917, we understand the allegation to be that the shipment was expected at once, or without unnecessary delay. That, however, is a matter of no importance in view of the fact that, as to the four tractors ordered on the 8th of April, 1918, defendant accepted the order "to be shipped later," at plaintiff's pleasure. If plaintiff had sought to take advantage of defendant's liberality in that respect, the case would have been very different from the one we have.

For keeping the $800 deposit, defendant relies upon the clause in the contract:

"The $100 advance deposit required shall apply on the purchase price and is not to be returned to second party."

It is argued in defendant's brief that plaintiff has not lost his $800, because he may yet, at any time, have credit for the $800 on the purchase price of eight tractors—at the price fixed and listed when he sees fit to order them. That interpretation of the contract is not in accord with defendant's letter dated the 20th of September, 1917, persuading plaintiff to put up the deposit. The statement in the contract that the $100 deposit was "not to be returned to the second party" did not add anything to the preceding statement, that the $100 deposit should be applied to the purchase price of a tractor. The meaning intended to be stressed was that plaintiff should not get back the $100 if he should fail or neglect to take the tractor. But, if it be true, as plaintiff alleges, that defendant, breached the contract, it may well be that the $800 deposit should be returned.

It is suggested finally, in defendant's brief, that defendant's only obligation under the contract was to forward plaintiff's orders to the factory for shipment. The argument is hardly consistent with the contention that plaintiff was not entitled to have the tractors shipped at the prices listed when his orders were received. Be that as it may, the question of defendant's responsibility for the alleged nonshipment, so far as the 20 per cent. commission and the $800 deposit go, is a matter of defense which would better be pleaded in answer to the suit.

Our opinion is that the petition makes a sufficient showing to allow plaintiff a hearing on the merits of his case.

When the defendant shall have answered the suit, the district judge will have to determine whether the language of the instrument sued on is yet ambiguous—whether verbal testimony should then be heard in explanation of it.

The judgment appealed from is annulled; the exception of no cause or right of action is overruled; and it is ordered that this case be remanded to the district court for further proceedings consistent with the foregoing opinion. The defendant is to pay the costs of this appeal; the liability for other court costs is to depend upon the final judgment.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.